Yielding to federal authority as understood and applied by my associates, I concur in the result, but under protest.
As to his presently involved activities, defendant must be conceded to be engaged in interstate commerce. But those activities, as to Minnesota, are altogether local. So, defendant being a citizen and resident of the state, there is no reason why he should not be subject to this admittedly mild occupational tax, which operates wholly in personam upon the individual and not in rem on the goods he is handling. The tax is nondiscriminatory and imposes no direct burden upon, nor does it create any direct and substantial interference with, interstate commerce. Cf. Graves v. New York ex rel. O'Keefe,306 U.S. 466, 59 S.Ct. 595, 83 L. ed. 927, 120 A.L.R. 1466. It is not so much of a burden as the state levy upon defendant's automobile, which is an indispensable instrument of his interstate activities.
It is respectfully submitted that Gwin, White Prince, Inc. v. Henneford, 305 U.S. 434, 59 S.Ct. 325, 83 L. ed. 272, is not in point. The state tax there involved was one which did not reach an interstate commerce service "wholly performed within the state. A substantial part of it is outside the state." The tax was denounced because it undertook to "lay a privilege tax measured by gross receipts derived from activities in such commerce which extend beyond the territorial limits of the taxing state." Upon that narrow ground, not present here, the state tax was invalidated. Were I free to follow my own notions, I would apply the established rule, recognized in the Washington case [305 U.S. 438], that " 'even interstate business must pay its *Page 167 
way' by bearing its share of local tax burdens." That doctrine, it is my deferential submission, should apply to such a moderate and demonstrably nondiscriminatory tax as the one here challenged. To exclude from its harmonizing effect such cases as this seems to me to allow an unconstitutional interference with the state's right to regulate purely local affairs and tax its own people.
MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.